**Stephen M. KIMBALL, Plaintiff,**

v.

**Maryam SAFFARI–PARIZI, Defendant.**

Civ. A. 95–B–300.

United States District Court,
D. Colorado.

June 26, 1995.

Leo T. Zuckerman, George A. Kokus, Denver, CO, for plaintiff.

Mark S. Pestal, Asst. U.S. Atty., Denver, CO, Alison Ruttenberg, Lakewood, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Plaintiff Stephen M. Kimball (Kimball) originally brought this action in the District Court for the City and County of Denver. Kimball alleges that defendant Maryam Saffari–Parizi (Saffari–Parizi) defamed him and tortiously interfered with his business relationships. Pursuant to the Westfall Act, 28 U.S.C. § 2679, the United States Attorney for Colorado, Henry Solano, certified that Saffari–Parizi was acting within his scope of employment when the events alleged in the complaint occurred. Accordingly, the United States was substituted for the defendant. *Id.* The action was then removed here pursuant to 28 U.S.C. § 2679(d)(2). The Government now moves to dismiss this case pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Section 2680(h) of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680(h), bars claims against the government for slander and interference with contract. Therefore, the United States contends that this case should be dismissed.

Kimball responds to this motion asserting that defendant was not acting within the scope of his employment when the acts complained of occurred. Kimball seeks remand back to the Denver District Court. For the reasons set forth in this order, I deny the motion to dismiss, and hold the question of remand in abeyance pending resolution of the question whether the actions about which Kimball complains occurred within the scope of Saffari–Parizi's government employment.

## I.

Before *Gutierrez de Martinez v. Lamagno,* —— U.S. ——, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995), the Tenth Circuit held unreviewable a U.S. Attorney's determination that a federal employee was acting within his scope of employment under 28 U.S.C. 2679(d)(1). *Gutierrez de Martinez,* however, resolved the conflict among the circuits regarding whether certification under § 2679(d)(1) is contestable.

In *Gutierrez de Martinez,* the respondent, Lamagno, was involved in a car accident with petitioners in Colombia. Lamagno was a special agent of the United States Drug Enforcement Administration. As such, he was shielded from suit in Columbia based on diplomatic immunity. Respondents then filed suit in the United States District Court for the Eastern District of Virginia alleging that Lamagno was intoxicated at the time of the accident and that his negligent driving caused petitioners' injuries. Pursuant to § 2679(d)(1), the Attorney General certified that Lamagno was acting within his scope of employment at the time of the accident. Section 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office. or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

426

The United States was, therefore, substituted for Lamagno. Because the action arose in a foreign country, it fell within an exception to the waiver of sovereign immunity. 28 U.S.C. § 2680(k). Thus, the granting of certification, if upheld, would terminate the case.

Reviewing the legislative history of the Westfall Act, the Court held that "[n]o persuasive reason for restricting access to judicial review is discernible from the statutory fog we confront here." *Id.* at ——, 115 S.Ct. at 2231. The Court recognized that an inherent conflict of interest exists when the Attorney General is allowed to make an unchecked scope-of-employment determination in a cause of action in which the Attorney General has an interest. "This strange course becomes all the more surreal when one adds to the scene the absence of an obligation on the part of the Attorney General's delegate to conduct a fair proceeding, indeed, any proceeding. She need not give plaintiff an opportunity to speak to the "scope" question, or even notice that she is considering the question. Nor need she give any explanation for her action." *Id.* at ——, 115 S.Ct. at 2234. The Court, therefore, held that the Attorney General's certification was conclusive only for purposes of removal but not for substitution. *Id.* at ——, 115 S.Ct. at 2234. The scope-of-employment determination is properly reviewable by a court. *Id.* at ——, 115 S.Ct. at 2234.

Where, as here, certification will deny plaintiff any remedy, plaintiff must be given an opportunity to challenge the Attorney General's determination regarding scope-of-employment. At this juncture, the motion to dismiss is premature because it relies solely on the validity of the certification. Consequently, I deny the motion to dismiss.

*Gutierrez de Martinez,* however, does not address the scope or mechanism of review of the certification. Here, Kimball merely denies generally that Saffari–Parizi acted outside the scope of government employment. In light of *Gutierrez de Martinez,* Kimball clearly has the burden on this question. *See Aliota v. Graham,* 984 F.2d 1350, 1358 (3rd Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 68, 126 L.Ed.2d 37 (1993).

The parties stipulated at oral argument that the question of whether Saffari–Parizi was acting in the scope-of-employment at the time the alleged statements were made should be determined in the context of Fed. R.Civ.P. 56. Consequently, if Kimball contests the government's certification he shall file a motion for summary judgment by July 13, 1995.

Accordingly it is ORDERED that:

1) The United States' motion to dismiss is denied.

2) Kimball's motion for summary judgment on the question of certification and any supporting brief is due by July 13, 1995. Defendant shall file any response brief within twenty days. Plaintiff shall file any reply brief within ten days thereafter.